UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | CAUSE No. 3:09-CR-00080(01)RM |
| | ) | |
| ASHTON LUNDEBY | ) | |

OPINION AND ORDER

Ashton Lundeby filed a conditional motion for continuance (doc. # 14) in the event this court denied his motion to dismiss (or quash) the indictment, to suppress evidence, or his pretrial application for writ of habeas corpus. On October 22, the court denied those motions and asked the government to respond to Mr. Lundeby's request for continuance. The government responded and the court now finds that Mr. Lundeby's motion for continuance should be DENIED.

"Ordinarily, a party may not take an appeal under 28 U.S.C. § 1291 until there has been a decision by the district court that ends the litigation on the merits." United States v. Vlahos, 33 F.3d 758, 761 (7th Cir. 1994) (citation omitted). In criminal cases, appellate review is generally prohibited "until after conviction and imposition of sentence." Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989) (citation omitted). There is a narrow exception to this rule known as the collateral order doctrine. Id. (*citing* Cohen v. Beneficial Indust. Loan Corp., 337 U.S. 541 (1949)). The collateral order doctrine allows the appellate court to consider decisions "which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be

denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated." Id. at 798-799 (citations omitted). A final collateral order must: "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." Id. (internal quotations and citations omitted).

The collateral order doctrine is interpreted strictly in criminal cases. Flanagan v. United States, 465 U.S. 259, 265 (1984). Motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause can be appealed interlocutory. Midland Asphalt v. United States, 489 U.S. at 799. A pretrial order requiring a defendant to receive medication involuntarily so as to render him competent to stand trial is also immediately appealable. Sell v. United States, 539 U.S. 166, 176-177 (2003). An order transferring a case to adult adjudication pursuant to 18 U.S.C. § 5032 is appealable as a collateral order. United States v. J.J.K., 76 F.3d 870, 871-872 (7th Cir. 1996).

The issues raised in Mr. Lundeby's motion to quash (or dismiss) and motion to suppress aren't immediately appealable. An order denying a motion to dismiss an indictment is usually viewed as "interlocutory and not appealable." United States v. Magassouba 544 F.3d 387, 400 (2d Cir. 2008) (citation omitted); United States v. Quaintance, 523 F.3d 1144, 1145-46 (10th Cir.2008) (denial of motion to dismiss didn't fall within the collateral order doctrine). A district court's ruling

2

on a motion to suppress evidence in a pending criminal proceeding is interlocutory and not immediately appealable. DiBella v. United States, 369 U.S. 121, 131 (1962).

Mr. Lundeby can't satisfy the third requirement for immediate appeal — that the order be effectively unreviewable on appeal from final judgment. This prong is only satisfied when the order involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." United States v. MacDonald, 435 U.S. 850, 861 (1978). The court of appeals has explained that "'[e]ffectively unreviewable' means something more than that hardship will result from delay or that the course of litigation will be changed without an appeal." United States v. Segal, 432 F.3d 767, 775 (7th Cir. 2005) (citations omitted). That a petitioner will not receive the type of remedy he would prefer on appeal after final judgment isn't a sufficient ground for interlocutory appeal. Sell v. United States, 539 U.S. at 190 (2003) (*citing* Flanagan v. United States, 465 U.S. 259 (disallowing interlocutory appeal of an order disqualifying defense counsel); United States v. Hollywood Motor Car Co., 458 U.S. 263 (1982) (per curiam) (disallowing interlocutory appeal of an order denying motion to dismiss indictment on grounds of prosecutorial vindictiveness); Carroll v. United States, 354 U.S. 394 (1957) (disallowing interlocutory appeal of an order denying motion to suppress evidence)); *see also* United States v. Saccoccia, 18 F.3d 795, 801 (9th Cir.1994) ("Courts have uniformly held that challenges to district court

jurisdiction can be fully vindicated on post-judgment appeal and are thus not subject to interlocutory appeal.").

Even if one or more of Mr. Lundeby's claims were correct, appeal after final judgment would vindicate his rights. *See* United States v. MacDonald, 435 U.S. at 860-861 (finding that acquittal would remedy harm of speedy trial violation). The defenses raised by Mr. Lundeby to criminal prosecution can be safeguarded adequately by review after any adverse final judgment. The court therefore finds that the motion to quash (or dismiss) and motion to suppress aren't immediately appealable and this proceeding shouldn't be stayed pending the outcome on appeal of those issues. United States v. Cannon, 715 F.2d 1228, 1231 (7th Cir. 1983) ("The general rule ... that an appeal suspends the district court's power to proceed further in a cause ... has no application where there is a purported appeal from a nonappealable order.").

As noted, an order to transfer case to adult jurisdiction pursuant to 18 U.S.C. § 5032 is appealable as a collateral order. United States v. J.J.K., 76 F.3d at 871-872. In his motion to dismiss, Mr. Lundeby argued that federal courts don't have jurisdiction over minors, but he didn't specifically raise any objections to the court's procedure followed pursuant to 28 U.S.C. § 5032. The court found that it has jurisdiction over Mr. Lundeby as an adult pursuant to its June 8, 2009 order transferring this matter to adult jurisdiction. Mr. Lundeby's mother timely appealed the court's June 8 order, but her appeal was dismissed without prejudice to renewal by the appellant's counsel. Mr. Lundeby didn't file a proper

appeal within the time frame permitted by Federal Rule of Appellate Procedure 4. A defendant who wishes to file an appeal in a criminal case — including an interlocutory appeal- — must file a notice of appeal within 10 days after entry of the judgment or order being appealed. FED. R. APP. P. 4(b)(1)(A). The district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b) . . . with or without motion and notice . . . upon a finding of excusable neglect or good cause." FED. R. APP. P. 4(b)(4). Because Mr. Lundeby didn't file a proper timely interlocutory appeal of this court's June 8 order, the declines to stay this action pending Mr. Lundeby's appeal of that issue.

Finally, Mr. Lundeby seeks a stay pending resolution of his pretrial application for writ of habeas corpus on appeal. In his petition, Mr. Lundeby brought claims for cruel and unusual punishment, overly invasive searches, unlawful detention, and actual innocence. Mr. Lundeby's claim of actual innocence doesn't satisfy the second criteria of the collateral order doctrine — that the court's decision resolve an important issue completely separate from the merits of the action, Midland Asphalt v. United States, 489 U.S. at 799 — and so isn't immediately appealable.

The court found that Mr. Lundeby's claims for cruel and unusual punishment and overly invasive searches must be brought in a separate civil rights action and weren't properly before this court in his criminal proceeding. An appeal on that ruling would be frivolous and wouldn't effect the government's

5

continued prosecution of Mr. Lundeby in this proceeding. *See e.g.*, United States v. Cannon, 715 F.2d at 1231 ("[W]here a defendant's motion to dismiss ... is frivolous or fails to raise a colorable claim . . ., the mere filing of a Notice of Appeal is insufficient to divest the district court of jurisdiction.").

As to Mr. Lundeby's request for pretrial release, the court notes that an order to deny bail and require pretrial detention cannot effectively be reviewed on appeal and is immediately appealable. Stack v. Boyle, 342 U.S. 1, 6 (1951); *see also* United States v. J.J.K., 76 F.3d at 872 (noting that the Supreme Court has applied the collateral order doctrine to orders denying bail). When ruling on his application for pretrial habeas, the court specifically declined to reconsider its May 26 order affirming the magistrate judge's detention order. Mr. Lundeby's mother appealed that order and her appeal was denied without prejudice to renewal by the appellant's counsel. On July 14, counsel for Mr. Lundeby moved to reconsider the court's May 26 detention order citing changed circumstances. On July 20, the court denied the defendant's request. On October 21, Mr. Lundeby again requested bail and the court denied the request on October 22 for the same reasons asserted in its previous order denying Mr. Lundeby pretrial release. Mr. Lundeby has appealed the court's order denying him bail, and that appeal is currently pending. Mr. Lundeby's appeal of the court's detention order is untimely and in any event, doesn't affect this court's jurisdiction to proceed to trial in this matter. *See* United States v. Bastanipour, 697 F.2d 170, 173 (7th Cir. 1982) (stating that even if the order was final and appealable "so that the district court

lost jurisdiction over the subject matter of the particular order, . . . [the court] still would have had jurisdiction over the merits of the case."); United States v. Mala, 7 F.3d 1058, 1060 -1061 (1st Cir. 1993) (citations omitted) ("[A]n appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal."); *see also* United States v. W.R. Grace, 235 F.R.D. 692, 694 (D. Mont. 2006) ("[A]n interlocutory appeal divests the district court of its control over those aspects of the case involved in the appeal) (citation omitted).

The court DENIES Mr. Lundeby's request to stay this proceeding pending appeal of the motion to dismiss (or quash), motion to suppress, or habeas corpus petition. The court will, by separate order, set this matter for hearing to schedule a trial date. At that hearing, the court will also address Mr. Lundeby's motion for computer access (doc. # 29).

SO ORDERED.

ENTERED:  November 3, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

D